NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA AZUCENA MADERA ARAIZA, | No. 22-489 |
| Petitioner, | Agency No. A212-909-521 |
| v. | |
| PAMELA J. BONDI, United States Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025**
San Francisco, California

Before: RAWLINSON, SANCHEZ, Circuit Judges, and ROSENTHAL, District Judge.***

Maria Azucena Madera Araiza (Madera Araiza), a native and citizen of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal of a decision from the Immigration Judge (IJ) denying her application for cancellation of removal. We deny the petition.[1]

The BIA affirmed the IJ's "determination that [Madera Araiza] did not establish that a qualifying relative will suffer exceptional and extremely unusual hardships to demonstrate that she is eligible for cancellation of removal." The BIA rejected "[Madera Araiza's] contention that the [IJ] engaged in unwarranted speculation regarding the mental health condition of her qualifying relative daughter" as unsupported by the record or the IJ's decision.

The BIA's dismissal of Madera Araiza's appeal was supported by substantial evidence. *See Lemus-Escobar v. Bondi*, 158 F.4th 944, 953-54, *as amended* (9th Cir. 2025) (reviewing for substantial evidence "fact-intensive mixed questions" such as "the agency's determination that a particular set of facts does not meet [the statutory eligibility] requirements"). Although we have jurisdiction to review the agency's determination regarding "statutory eligibility requirements," *id.* at *6, the "facts underlying any determination on cancellation of removal . . . remain unreviewable," such as "[the] IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a

---

[1] Madera Araiza did not address the BIA's denial of the motion to remand in her Opening Brief. Therefore, we consider this issue waived. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 (9th Cir. 2023).

noncitizen currently provides." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). The only question "subject to judicial review" is "whether those established facts satisfy the statutory eligibility standard." *Id.*

The BIA noted that the IJ "carefully considered the testimony of all witnesses regarding the [qualifying relative] daughter's condition, past treatment," and her "ability to attend school and work." The BIA observed that the IJ "also comprehensively addressed the potential hardship to [Madera Araiza's] son, as well as hardship factors cumulatively in light of the family's history of depression-related mental illness." Given the lack of recent medical documentation before the IJ for either qualifying relative child, as well as the familial and financial support available for Madera Araiza's son should he relocate to Mexico with her, no "reasonable adjudicator would be compelled to conclude" that Madera Araiza satisfied the exceptional and extremely unusual hardship requirement. *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025); *see also Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025) ("[T]he hardship must be out of the ordinary and exceedingly uncommon. It must deviate, in the extreme, from the norm.").

**PETITION DENIED.**[2]

---

[2]     The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. # 2) is otherwise denied.